No. 1,344.

## W. R. Burke, Testamentary Executor vs. J. C. Fuller.

When a settlement has been made between partners during their life time, and the executor of the deceased partner, sues for a settlement of the partnership [affairs, the settlement made during the life time of the partners, will be presumed to have included all differences between them to the time of said settlement.

Where repeated demands have been made on a surviving partner to settle and he fails to do so, and suit is brought for a settlement, the costs of suit will be taxed and charged to partnership.

APPEAL from the Twenty-first District Court, Parish of Iberia.
Mouton, J.

L. O. Hacker for Plaintiff and Appellant.

Breaux & Renaudet for Defendant and Appellee.

The opinion of the Court was delivered by

McENERY, J. James L. Burke and J. C. Fuller formed a co-partnership to carry on the business of undertakers and dealers in furniture—Burke to furnish $1000, and Fuller $2000. Burke died September 13, 1886. During his life time there were settlements between him and his partner, Fuller, the last in June, 1886.

As the affairs of this partnership are to be learned from the acts of the parties, it is presumed the last settlement included all the differences between them up to that time.

There must be clear proof of some omission of an item or items from the settlement to induce a disturbance of it. There is no such evidence in the record as would justify an interference with the settlement made between the partners during the life time of Burke.

Burke's succession was opened and the value of the partnership effects fixed at $1745 39. The plaintiff in the present suit qualified as testamentary executor, and after repeated demands upon the surviving partner for a settlement and failing to procure one, he instituted this suit accompanied by an injunction restraining Fuller from disposing of the partnership effects.

The record is voluminous, and the opinion of the district judge is clear and elaborate. We have noted the alleged errors pointed out by both plaintiff and defendant and have carefully considered them.

Briefly the account between the parties is as follows: Up to the date of his death Burke had received $145, and Fuller for furniture $138, and for the undertakers' department $156. There had been paid out on the furniture department $83 68, and in the undertakers $141 39.

J. L. Burke and his executor received to July, 1888, $748, and Fuller $496 70; total amount received on account of the business, $1246 20. The executor received in merchandise from the partnership $51, with

which the succession of J. L. Burke must be charged. Nothing is due Fuller for salary, as no agreement in the contract is proved for its payment, and the charge was not made during the lifetime of the deceased partner. The claim is unsupported by proof.

The partnership occupied leased premises, and must be charged with the rent, as they have been used for the business of the partnership since the death of Burke. The amount of $50 paid to an expert book-keeper, must also be allowed as a claim against the partnership, as the services inured to its benefit, and not to the exclusive benefit of the surviving partner.

J. L. Burke and Jacquet went security for the purchase of a lot of furniture. There is no proof that it was not included in the settlement between the partners referred to.

The amount claimed for horse hire is not due, but the storing of the hearses is supported by proof and should be allowed as was ordered by the judge.

The executor had frequently demanded a settlement of the partnership from the surviving partner, and failing to get one he brought this suit. The partnership must bear costs of settlement.

Fuller has paid out since June 14, 1886, $449, which includes four months rent, and has also paid for insurance of partnership property $20. He has received in the business the sum $497 70. The inventoried value of the firm's property is $1743 44. There was sold of this $537 44. The amount received by both parties is $1669 31, and the amount paid out is $1570 63.

We see no grounds for disturbing the judgment appealed from except to amend it so as to charge the partnership with the amount of $50, which in the judgment is charged to Fuller. As thus amended the judgment is affirmed, the appellee to pay costs of appeal.